IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF CONNECTICUT, STATE OF MARYLAND, STATE OF NEW JERSEY, and STATE OF NEW YORK,<br>　　　　Plaintiffs,<br><br>　　　　　　vs<br><br>ALLEGHENY ENERGY, INC., ALLEGHENY ENERGY SERVICE CORP., ALLEGHENY ENERGY SUPPLY CO., LLC, MONONGAHELA POWER COMPANY, THE POTOMAC EDISON COMPANY, and WEST PENN POWER COMPANY,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-885<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

REPORT AND RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the defendants' motion to stay this proceeding until a prior pending action between several of the parties is completed or until a pending motion to dismiss in the prior litigation is decided (Docket No. 13) be denied.

II. Report:

Presently before the Court is the defendants' motion to stay this action.  The defendants in this case are Allegheny Energy Service Corp., Allegheny Energy Supply Co., LLC, Monongahela Power Company, The Potomoc Edison Company, and West Penn Power Company (collectively, "Allegheny").  Allegheny asserts that the claims brought by the plaintiffs in this case are the subject of a prior pending action between several of the parties in the United States District Court for the Northern District of West Virginia in the case of Allegheny Energy Supply

Co., LLC, et al., v. Spitzer, et al., Civil Action No. 1:05cv04 (hereinafter, the "West Virginia Action"). By virtue of the West Virginia Action, Allegheny moves to stay this proceeding until final resolution of that case, or, in the alternative, to stay this matter until a pending motion to dismiss in the West Virginia Action is decided.

The plaintiffs in this case are the Commonwealth of Pennsylvania Department of Environmental Protection, and the States of Connecticut, Maryland, New Jersey and New York. On June 28, 2005, the plaintiffs filed their complaint, asserting that Allegheny owns and operates several coal-powered power plants in Pennsylvania, including at Armstrong, Hatfield's Ferry and Mitchell (the "Pennsylvania Plants"), where Allegheny undertook capital projects that had the effect of increasing its Plants' emissions. The plaintiffs complain that Allegheny constructed and operated modified major emitting facilities at its Pennsylvania Plants without applying for or obtaining the preconstruction permits required by the prevention of significant deterioration ("PSD") provisions of the Clean Air Act ("CAA"), 42 U.S.C. §§ 7470-7479, and as required by the PSD and nonattainment new source review ("NNSR") regulations under Pennsylvania law, 25 Pa. Code, Chapter 127 - Subchapters D & E. The plaintiffs assert that Allegheny operates its Pennsylvania Plants without applying the best available control technology, or meeting the lowest achievable emission rate for both sulfur dioxide and nitrogen oxides and without obtaining emission offsets as required by PSD and NNSR requirements. According to the plaintiffs, emissions of ozone-creating pollutants from Allegheny's Pennsylvania Plants contribute to the formation of ozone in their states, which adversely affect the health of their residents and the quality of their water and air.

The plaintiffs seek to permanently enjoin Allegheny from operating its

Pennsylvania Plants except in accordance with the CAA and Pennsylvania PSD and NNSR regulations.  They also seek to assess civil penalties against Allegheny for each violation of applicable federal and state law.  The Court's jurisdiction is invoked pursuant to 42 U.S.C. §§ 7604(a) and 7477, and 28 U.S.C. §§ 1331, 1355 and 1367.

Allegheny asserts that this dispute began when the plaintiffs issued them Notice of Intent To Sue ("NOI") letters which identified certain projects performed at their Pennsylvania Plants and at their coal-fired power plants in West Virginia (the "West Virginia Plants") between 1983 and 2001, which allegedly constituted major modifications triggering PSD and NNSR permitting requirements.  Allegheny disputes the allegations in the NOIs, as they believe their targeted projects did not constitute major modifications, but rather involved routine maintenance, repair or replacement projects, which did not trigger preconstruction permitting requirements under the CAA or the laws of West Virginia and Pennsylvania.

The parties engaged in settlement discussions, after which on January 6, 2005, two Allegheny entities -- Allegheny Energy Supply Co., LLC and Monongahela Power Co. (the owners and/or operators of the Pennsylvania Plants and the West Virginia Plants) -- commenced the West Virginia Action by filing a complaint against the Attorney Generals of the States of New York, Connecticut and New Jersey.  On July 8, 2005, the Allegheny entities amended their complaint in the West Virginia action, seeking a declaratory judgment that they were not required to obtain any preconstruction permits before undertaking their projects, and that their failure to do so did not violate the CAA or the regulatory laws of West Virginia or Pennsylvania.

In support of their motion to stay, Allegheny argues that the legal questions at issue in the West Virginia Action and in this case are identical.  Although the scope of the West

Virginia Action is broader (as it involves the Pennsylvania Plants at issue here, as well as certain West Virginia Plants), Allegheny asserts that the fundamental legal question in both actions is the same, namely: whether a project that increases a plant's hourly rate of emissions constitutes a "modification", as determined by the Court in United States v. Duke Energy Corp., 411 F.3d 539 (4th Cir 2005), or whether a project that increases a plant's hours of operation within permit limits also constitutes a "modification", as alleged by the States.

      Allegheny insists that this case should be stayed pending completion of the first-filed West Virginia Action, so as to avoid duplicative litigation and inconsistent rulings. According to Allegheny, granting a stay of this case pending resolution of the West Virginia Action is proper, as a decision on the merits in that case will moot the plaintiffs' claims in this proceeding. The United States Supreme Court has counseled that in situations involving the contemporaneous exercise of concurrent jurisdiction between federal district courts, "the general principle is to avoid duplicative litigation." Colorado River Water Conserv. District v. United States, 424 U.S. 800, 817 (1976). This precept rests on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id.

      The Third Circuit Court of Appeals has recognized that in appropriate cases, a district court may attempt to avoid duplicating a proceeding already pending in a federal district court under principles of "conservation of judicial resources and comprehensive disposition of litigation". Bankers Trust Co. v. Chatterjee, 636 F.2d 37, 40 (3d Cir. 1980). However, the Court has cautioned: "It is important, however, that only truly duplicative proceedings be avoided." Id. "When the claims, parties, or requested relief differ, deference may not be appropriate." Id.

Here, the West Virginia Action and this case are not truly duplicative, as the claims and parties involved in the two proceedings differ.  While the Commonwealth of Pennsylvania Department of Environmental Protection and the State of Maryland are parties to this case, they are not parties to the West Virginia Action.  In addition, the plaintiffs' claims for a declaratory judgment in the West Virginia Action implicate PSD and NNSR regulations under West Virginia law, whereas the plaintiffs' claims in this case do not.  Since this case and the West Virginia Action are not truly duplicative, a stay of this case under principles of conservation of judicial resources is not appropriate.

Allegheny also relies on the "first-filed rule" in arguing that this case should be stayed pending completion of the West Virginia Action.  The Third Circuit Court of Appeals has adopted the "first-filed rule", which provides that "[i]n all cases of federal concurrent jurisdiction the court which first has possession of the subject must decide it."  EEOC v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988), aff'd., 493 U.S. 182 (1990), quoting Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941), cert. denied, 315 U.S. 813 (1942).  In EEOC v. Univ. of Pennsylvania, the Court explained:

> The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court.

850 F.2d at 971.

That is because "[t]he policy embodied by the first-filed rule is designed to ensure that a single determination is made with regard to a controversy rather than multiple determinations by different courts, which may conflict, require duplicative litigation and delay

the ultimate resolution of the case." The Pep Boys -- Manny, Moe & Jack v. American Waste Oil Services Corp., 1997 WL 367048, *5 (E.D.Pa. June 25, 1997), citing EEOC v. Univ. of Pennsylvania, 850 F.2d at 974 and Crosley, 122 F.2d at 929-30. Unfortunately for Allegheny, the "[first-filed] rule only applies when two district courts have jurisdiction of the 'same parties and issues.'" Maertin v. Armstrong World Industries, Inc., 241 F.Supp.2d 434, 453 (D.N.J. 2002), quoting Triangle Conduit & Cable Co. v. Nat'l. Elec. Products Corp., 125 F.2d 1008, 1009 (3d Cir. 1942). Indeed, our Court of Appeals has stated that the first-filed rule may be applied to enjoin a subsequent action when it involves "the same parties and the same issues already before another district court." EEOC v. Univ. of Pennsylvania, 850 F.2d at 971. Since this case does not involve the same parties and the same issues as are present in the West Virginia Action, the first-filed rule does not compel us to stay this matter.[1]

In the alternative, Allegheny seeks to stay this case until the defendants' pending motion to dismiss in the West Virginia Action (based on Eleventh Amendment immunity and

---

1. Even if the "first-filed rule" was applicable here, which it is not, a court has discretion to depart from the first-filed rule if a litigant commences suit in another forum in anticipation of litigation, in bad faith, or by reason of forum shopping. EEOC v. Univ. of Pennsylvania, 850 F.2d at 972; Pep Boys, 1997 WL 367048, *5. The plaintiffs argue that Allegheny's conduct warrants a departure from the first-filed rule because: in July and December 2004, the parties met to discuss settlement; Allegheny representatives requested the States to refrain from commencing litigation pending further discussions, and the parties agreed to meet again in January 2005; but on January 6, 2005 (prior to their meeting), the Allegheny entities commenced suit in the West Virginia Action. See, plaintiffs' opposition to the defendants' motion to stay at p. 6 (with citations to the record therein). This complained-of conduct has been deemed "a type of forum shopping... [that] might border on bad faith", which warrants departure from the first-filed rule. Premier Design, Ltd. v. Western Money Sys., 1993 WL 313506, *2 (E.D.Pa., July 30, 1993). It is Allegheny's position that their entities properly commenced the West Virginia Action after evaluating the States' December 2004 settlement demands and concluding they could not meet the demands. Having determined that the "first-filed rule" is inapplicable here, we express no opinion on whether the Allegheny entities filed the West Virginia Action in anticipation of litigation or as a means of forum shopping.

other grounds) is decided. Allegheny asserts they expect the court in the West Virginia Action to deny the defendants' motion to dismiss, after which Allegheny will move to transfer this case to the Northern District of West Virginia and consolidate it with the West Virginia Action.

Allegheny has not shown that a stay of this case pending disposition of the defendants' motion to dismiss in the West Virginia Action is warranted. Since a stay of this case would not appear to further the interests of justice, judicial administration and economy, the Court should decline to stay it.

Therefore, it is recommended that the defendants' motion to stay this proceeding be denied.

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                Respectfully submitted,

                                                s/ROBERT C. MITCHELL
                                                United States Magistrate Judge

Dated: September 28, 2005