# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION, STATE OF CONNECTICUT, STATE OF MARYLAND, STATE OF NEW JERSEY, and STATE OF NEW YORK, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 02: 05cv885 |
| ALLEGHENY ENERGY, INC., ALLEGHENY ENERGY SERVICE CORPORATION, ALLEGHENY ENERGY SUPPLY COMPANY, LLC; MONONGAHELA POWER COMPANY, THE POTOMAC EDISON COMPANY, and WEST PENN POWER COMPANY, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court for disposition is the PLAINTIFFS' NOTICE OF APPEAL OF THE  MAGISTRATE JUDGE'S DECISION GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO EXTEND LIABILITY DISCOVERY AND SET AN EXPERT DISCOVERY SCHEDULE (Document No. 86), PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S DECISION GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO EXTEND LIABILITY DISCOVERY AND SET AN EXPERT DISCOVERY SCHEDULE (Document No. 87), the response in opposition filed by Defendants (Document No. 100), and the Reply Brief of Plaintiffs (Document No. 103).

By Order of June 27, 2007, Magistrate Judge Robert C. Mitchell extended liability discovery in this matter by five months, instead of the ten months as requested by Plaintiffs (Plaintiffs had requested five additional months to conduct fact discovery to be followed by five additional months of expert discovery).  The Scheduling Order extended the deadline for liability discovery, which includes both fact and expert discovery, until December 31, 2007, for a total of seventeen (17) months of liability discovery.

Plaintiffs timely filed their objections to the June 27, 2007 Scheduling Order. Plaintiffs contend that the decision of the magistrate judge is clearly erroneous because (i) it does not provide for enough time to complete expert discovery; and (ii) the current scheduling order provides less time for liability discovery than other  Clear Air Act new source review enforcement actions.

The Court finds that both these arguments are without merit and will dismiss Plaintiffs' appeal of the June 27, 2007 Scheduling Order.


Standard of Review

The Federal Magistrates Act provides two separate standards for judicial review of a magistrate judge's decision:  (i) "de novo" for magistrate resolution of dispositive matters, *see* 28 U.S.C. § 636(b)(1)(B)-(C), and (2) and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters.  *See* 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a), (b); Local Civil Rule 72.1.3; *see also Cipollone v. Liggett Group, Inc.*, 875 F.2d 1108, 1113 (3d Cir. 1986) *cert. denied*, 484 U.S. 976 (1987). A magistrate judge's decision to

deny a request for an extension of discovery is a nondispositive matter that must be reviewed by

the district court under a clearly erroneous standard.

A finding is "clearly erroneous" when, "although there is evidence to support it, the

reviewing court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed." *Anderson v. City of Bessemer,* 470 U.S. 564, 573 (1985);

*Republic of Philippines v. Westinghouse Elec. Corp.*, 132 F.R.D. 384, 387 (D.N.J.1990)

(*quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Under this standard, a reviewing court will not reverse the magistrate judge's determination

even if the court might have decided the matter differently.  *Toth v. Alice Pearl, Inc.,* 158

F.R.D. 47, 50 (D.N.J. 1994).

"Where a magistrate judge is authorized to exercise  his or her discretion, the

decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr.*

*v. Sullivan,* 183 F.R.D. 119, 127 (D.N.J. 1998).  The deferential standard is particularly

appropriate in the case where the magistrate judge has managed the case from the outset and

developed a thorough knowledge of the proceedings.  *Id*. at 127.

In this case, because there is no issue of law in the dispute, this Court will review the

decision of Magistrate Judge Mitchell under an abuse of discretion standard.

## Discussion

Plaintiffs argue that Magistrate Judge Mitchell erred when he denied their request for

a ten-month extension in which to complete discovery.  However, the Court finds that the

decision of Magistrate Judge Mitchell to extend discovery for five (5) months, rather than ten

(10) months as requested by Plaintiffs, was well within the bounds of his discretion in managing the discovery in this case.  Accordingly, the Court finds and rules that Magistrate Judge Mitchell's determination to extend discovery for five (5) months, rather the (10) months as requested by Plaintiffs, was neither  "clearly erroneous or contrary to law."

### Conclusion

For the hereinabove reasons, the Court will affirm the June 27, 2007 Scheduling Order issued by  Magistrate Judge Mitchell.   An appropriate order follows.


McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA, )
DEPARTMENT OF ENVIRONMENTAL      )
PROTECTION, STATE OF CONNECTICUT, )
STATE OF MARYLAND, STATE OF         )
NEW JERSEY, and STATE OF NEW YORK, )
                                                            )
     Plaintiffs,                )
                                                            )
    v.                                )  02: 05cv885
                                                            )
ALLEGHENY ENERGY, INC.,               )
ALLEGHENY ENERGY SERVICE         )
CORPORATION, ALLEGHENY ENERGY )
SUPPLY COMPANY, LLC;                   )
MONONGAHELA POWER COMPANY,    )
THE POTOMAC EDISON COMPANY, and )
WEST PENN POWER COMPANY,         )
                                                            )
     Defendants.             )

**ORDER OF COURT**

   AND NOW, this 3rd day of August, 2007, it is hereby ORDERED, ADJUDGED

AND DECREED that the Notice of Appeal filed by Plaintiffs is **DISMISSED** and the

Objections to the Magistrate Judge's Decision filed by Plaintiffs are **DENIED.**

         BY THE COURT:

         <u>s/Terrence F. McVerry</u>
         United States District Court Judge

cc:       Magistrate Judge Robert C. Mitchell

Jose A. Suarez,
Office of the Attorney General, Connecticut
Email: jose.suarez@po.state.ct.us

Kimberly Massicotte
Office of the Attorney General, Connecticut
Email: kimberly.massicotte@po.state.ct.us

Lori D. Dibella
Office of the Attorney General, Connecticut
Email: lori.dibella@po.state.ct.us

Judah Prero,
Office of the Attorney General, Maryland
Email: jprero@oag.state.md.us

Kathy M. Kinsey
Office of the Attorney General, Maryland
Email: kkinsey@mde.state.md.us

Susan F. Martielli
Office of the Attorney General, Maryland
Email: smartielli@mde.state.md.us

Kevin Auerbacher
Office of the Attorney general, New Jersey
Email: Kevin.auerbacher@dol.lps.state.nj.us

Lisa J. Morelli
Office of the Attorney general, New Jersey
Email: lisa.morelli@dol.lps.state.nj.us

Andrew G. Frank
New York State, Office of the Attorney General
Email: andrew.frank@oag.state.ny.us

Jacob E. Hollinger
New York State, Office of the Attorney General
Email: Jacob.Hollinger@oag.state.ny.us

Marianne Mulroy
Pennsylvania Dept of Environmental Protection
Email: mmulroy@state.pa.us

Robert A. Reiley
Department of Environmental Protection
Email: rreiley@state.pa.us

Steven F. Baicker-McKee
Babst, Calland, Clements & Zomnir
Email: sbaicker@bccz.com

Alan B. Rosenthal
Babst, Calland, Clements & Zomnir
Email: arosenthal@bccz.com

Nash E Long, III
Hunton & Williams, LLP
Email: nlong@hunton.com

T. Thomas Cottingham, III
Hunton & Williams LLP
Email: tcottingham@hunton.com