IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA, Department of Environmental Protection, STATE OF CONNECTICUT, STATE OF MARYLAND, STATE OF NEW JERSEY, and STATE OF NEW YORK

Plaintiffs,

v.

ALLEGHENY ENERGY, INC., ALLEGHENY ENERGY SERVICE CORPORATION, ALLEGHENY ENERGY SUPPLY COMPANY, LLC, MONONGAHELA POWER COMPANY, THE POTOMAC EDISON COMPANY, and WEST PENN POWER COMPANY,

Defendants.

Civil Action No. 05-0885

MEMORANDUM

Gary L. Lancaster,
Chief Judge.

April 16, 2010

This is an action brought pursuant to: (1) Part C of Title I of the Clean Air Act ("CAA"), 42 U.S.C. §§ 7407 - 7479; (2) the new source performance standards ("NSPS") of the CAA, 42 U.S.C. §§ 7411; and (3) Title V of the CAA, 42 U.S.C. §§ 7661 - 7611f. Plaintiffs the Commonwealth of Pennsylvania, Department of Environmental Protection, and the states of Connecticut, Maryland, New Jersey and New York allege that defendants Allegheny Energy, Inc., Allegheny Energy Service Corporation, Allegheny Energy Supply Company, LLC, Monongahela Power Company, the Potomac Edison Company and West Penn Power Company ("Allegheny") violated the CAA by,

inter alia: (1) modifying and operating major emitting facilities without obtaining permits and without abiding by emissions limitations required under the prevention of significant deterioration ("PSD") provisions of the CAA; (2) reconstructing and operating two units at a major emitting facility without limiting emissions as required by the new source performance standards ("NSPS") of the CAA; and (3) operating a major emitting facility without obtaining operating permits as required by Title V of the CAA.

Plaintiff, the Commonwealth of Pennsylvania, Department of Environmental Protection, also brings claims pursuant to the Pennsylvania Air Pollution Control Act, ("APCA"), 35 P.S. § 4001 et seq. The Commonwealth of Pennsylvania, Department of Environmental Protection alleges that Allegheny: (1) failed to abide by the emissions limitations required by the PSD and the Pennsylvania nonattainment new source review ("nonattainment NSR") codified at 25 Pa. Code Chapter 127, Subchapters B, D, E & F; (2) failed to abide by the emissions limitations required under the NSPS provisions of Pennsylvania law codified at 25 Pa. Code, Chapter 122; (3) failed to obtain preconstruction approval for its projections including the use of the best available technology ("BAT") standards for its facilities as required by 25 Pa. Code, Chapter 127, Supchapters B and F; and (4) failed to obtain Title V operating permits as required by 25 Pa. Code, Chapter 127,

Subchapters F and G. Plaintiffs seek a permanent injunction and civil penalties.

This matter is before the court on the parties' cross objections [Doc. Nos. 223 and 224] to the Report and Recommendation of United States Magistrate Judge Robert C. Mitchell dated September 2, 2008 [Doc. No. 220]. Judge Mitchell recommended that plaintiffs' motion for summary judgment of Counts 17 and 18 [Doc. No. 132] be denied. Judge Mitchell further recommended that Allegheny's motion for partial summary judgment of Counts 1-3, 6-9 and 12 [Doc. No. 135] on the basis of the statute of limitations be denied. Judge Mitchell further recommended that Allegheny's motion for summary judgment of Counts 4, 10, 15, 17, 19 and 23 [Doc. No. 141] be denied. For the reasons set forth below, we will adopt the Report and Recommendation as the opinion of the court, with the following modifications as to how the statute of limitations will be applied in this case.

I.   BACKGROUND

The parties are familiar with the extensive factual background of this case, and it will not be repeated here as it is succinctly set forth in the Report and Recommendation. See Doc. No. 220 at pp. 2 - 4. In short, plaintiffs allege that Allegheny violated the CAA and the APCA when it undertook construction projects at three of its Pennsylvania plants in the 1990s.

Following the issuance of the Report and Recommendation, however, the parties filed a Joint Stipulation Amending Plaintiffs' First Amended Complaint which dismissed with prejudice certain portions of Counts 17-26 [Doc. No. 245]. Accordingly, the following are the remaining projects at issue: (1) the replacement of the boilers at Units 1 and 2 of the Armstrong Plant located in Washington Township, Armstrong County, Pennsylvania ("Armstrong"); (2) replacement of portions of Units 1, 2, and 3 at the Hatfield's Ferry Plant located in Greene County, Pennsylvania ("Hatfield's Ferry"); and (3) replacement of the lower slope tube panels at Unit 3 of the Mitchell Plant located in Courtney, Washington County, Pennsylvania ("Mitchell") as it relates to the emission of nitrous oxide ("Nox").

A. Plaintiffs' Objections

Plaintiffs object to Judge Mitchell's recommendation that their motion for summary judgment on Counts 17 and 18 be denied [Doc. No. 224]. Plaintiffs had argued that they were entitled to judgment as a matter of law on the issue of whether Allegheny violated the PSD provisions of the CAA and the APCA when it replaced all the lower slope panels at Unit 2 at Hatfield's Ferry

in 1999.[1] [Doc. No. 132]. Judge Mitchell found that there were genuine issues of material fact that precluded entry of summary judgment in favor of plaintiffs on that issue. He specifically found that there were genuine disputes regarding whether the projects were routine maintenance, repair, and replacement ("RMRR"), and, if they were not, whether Allegheny should have projected that the 1999 Hatfield's Ferry project would result in a significant net increase in annual emissions.

However, plaintiffs argue that there are no factual disputes and that they are entitled to judgment as a matter of law. Regardless, even if this court adopts Judge Mitchell's Report and Recommendation on this issue, plaintiffs contend that his opinion is ambiguous with respect to whether Allegheny's RMRR defense will be tried.

Finally on this point, plaintiffs have filed what they characterize as a "housekeeping" objection to Judge Mitchell's recommendation that this court apply a "routine in the industry" standard to evaluate Allegheny's RMRR defense under the PSD regulations, 40 C.F.R. § 52.21(b)(2)(iii)(a) [Doc. No. 224 at p. 10].

---

[1] Although plaintiffs alleged other construction projects at Hatfield's Ferry violated the CAA in Counts 17 and 18, they moved for summary judgment on these counts solely on the basis of Allegheny's replacement of all the lower slope panels at Unit 2 in 1999.

Allegheny does not object to Judge Mitchell's recommendation that plaintiffs' motion for summary judgment be denied, but also raises objections to Judge Mitchell's refusal to decide the RMRR issue on summary judgment and his application of the "routine in the industry" standard. We discuss those objections below.

B. Defendants' Objections

Defendants also object to the Report and Recommendation [Doc. No. 223]. Allegheny filed two motions for summary judgment [Doc Nos. 135 & 141]. In its first motion for summary judgment, Allegheny had argued that the court should enter judgment as to Counts 1-3, 6-9 and 12, which concern projects at the Armstrong plant Units 1 and 2 in 1994 and 1995, on the basis of the statute of limitations. Judge Mitchell found that he could not do so because there were genuine issues of material fact as to when the plaintiffs discovered the work that allegedly triggered the PSD requirements. Judge Mitchell recommended, therefore, that this court deny Allegheny's statute of limitations summary judgment motion.

Allegheny objects to Judge Mitchell's recommendation that a discovery rule applies to the federal limitations statute, codified at 28 U.S.C. § 2462. Further, Allegheny asks this court to determine the scope of any tolling rule that we determine

applies in this case.

Plaintiffs do not object to Judge Mitchell's recommendation on Allegheny's statute of limitations summary judgment motion.

In its second motion for summary judgment, Allegheny had argued that this court should enter judgment as to Counts 4, 10, 15, 17, 19 and 23 on the basis that plaintiffs cannot show that Allegheny violated either the NSPS standards at the Armstrong plant or the PSD standards at the Hatfield's Ferry plant. Judge Mitchell recommended that this court deny this motion for summary judgment on the basis that there were genuine issues of material fact as to whether the projects triggered the requirements of the CAA or APCA, or were RMRR. Allegheny objects on the ground that there is no genuine issue of material fact that the projects at the Armstrong and Hatfield's Ferry plants were RMRR. Further, although Allegheny agrees with Judge Mitchell's recommendation that this court apply a "routine in the industry" standard to its RMRR defense, Allegheny contends that Judge Mitchell applied this standard incorrectly.

As discussed above, plaintiffs have also objected to Judge Mitchell's findings on the RMRR and "routine in the industry" standard issues.

## II. STANDARD OF REVIEW

This court reviews parties' objections to a Report and Recommendation de novo. 28 U.S.C. § 636(b)(1). This court may accept, reject or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). See also LCvR 72 (D)(2). We "must determine, de novo, any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). This court may rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980).

## III. DISCUSSION

### A. Statute of Limitations

Allegheny moved for partial summary judgment on Counts 1-3, 6-9 and 12 arguing that plaintiffs' federal claims for civil penalties are barred by the five (5) year statute of limitations codified at 28 U.S.C. § 2462 and that plaintiffs' state claims are barred by the seven (7) year Pennsylvania statute of limitations, 35 Pa.C.S. § 4010.3.[2] The operative filing date of the complaint is June 28, 2005. Accordingly, Allegheny argued that plaintiffs

---

[2] There is no dispute that plaintiffs' claims for injunctive relief are not subject to a statute of limitations. Allegheny has not objected to Judge Mitchell's finding that the law of the case doctrine precludes its concurrent remedy argument.

are barred from seeking civil penalties for conduct that occurred prior to June 28, 2000 for the federal claims, and prior to June 28, 1998 for the Pennsylvania claims. There is no dispute as to when the causes of action accrued.

Judge Mitchell recommended that we deny Allegheny's motion to dispose of both the federal and state claims as a matter of law on statute of limitations grounds. As to the federal claims, Judge Mitchell found that the federal statute of limitations may be tolled pursuant to the discovery rule. As to the state claims, Judge Mitchell found that the APCA, and its accompanying regulations, specify that violations of the APCA are continuing violations, making these claims timely. [Doc. No. 220 at p. 36].

Allegheny objects to Judge Mitchell's discovery rule finding on the basis that: (1) no discovery rule applies; or, in the alternative, that; (2) if the discovery rule is applicable, then the rule set forth in Judge Mitchell's 2006 Motion to Dismiss Report and Recommendation [Doc. No. 45] is law of the case. Allegheny does not specifically dispute Judge Mitchell's finding that the Pennsylvania claims are timely.

Plaintiffs contend that the discovery rule articulated in Judge Mitchell's 2008 Summary Judgment Report and Recommendation is correct and take the position that Allegheny has failed to properly dispute that the APCA claims are continuing violations and, as

such, are timely.

As an initial matter, the court finds that the law of the case doctrine does not apply. In the 2006 Motion to Dismiss Report and Recommendation [Doc. No. 45], which was adopted by the court [Doc. No. 50], Judge Mitchell merely observed that the issue of whether or not the statute of limitations barred the instant action could not be analyzed in the context of a Rule 12(b)(6) motion to dismiss. Simply put, there was no substantive legal finding made at that time to which the doctrine could be applied.

Next, the court agrees with plaintiffs that in objecting to Judge Mitchell's recommendation, Allegheny has not provided any basis for its general contention that the APCA claims are time barred. This court adopts the Report and Recommendation's conclusion that the APCA provides that each day of noncompliance constitutes a continuing violation. See 35 P.S. § 4009.3. As such, we agree with Judge Mitchell's finding that the APCA claims are not time barred.

Thus, with regard to Allegheny's partial motion for summary judgment on the basis of the statute of limitations, the sole issue remaining before the court is whether the CAA claims which relate to Allegheny's projects at the Armstrong plant in 1994 and 1995 ("Armstrong Project"), are time barred. We agree with Judge Mitchell that this issue is not amenable to resolution on summary judgment, but in reaching that conclusion, apply a

different standard for determining whether the statute of limitations should be tolled in this case.

The CAA has no statute of limitations. Courts generally borrow the "most appropriate" statute of limitations provided by state law, unless there is a "relevant" federal statute of limitations. Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462 (1975). Here, the parties agree that, since plaintiffs are seeking civil penalties, there is a relevant federal statute of limitations, namely, 28 U.S.C. § 2462.

Section 2462 provides that "[e]xcept as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date the claim first accrued." 28 U.S.C. § 2462. As noted above, there is no dispute as to when the claims accrued in this case. United States v. Brotech Corp., 2000 WL 1368023, *3 (E.D. Pa. 2000).

The Court of Appeals for the Third Circuit has not addressed the issue of whether the federal statute of limitations may, under certain circumstances, be tolled in cases brought pursuant to the CAA. Without such precedent on which to rely, we have independently considered the issue and conclude that the discovery rule does not apply to the CAA. Instead, we find that the doctrine of equitable tolling applies. As such, plaintiffs

will bear the burden of proof at trial to establish that the statute of limitations should be equitably tolled.

It is well established that "equitable tolling doctrines are 'read into every federal statute of limitation.'" Ramadan v. Chase Manahattan Corp., 156 F.3d 499, 504 (3d Cir. 1998)(quoting Holmberg v. Armbrecht, 327 U.S. 392, 396-97 (1946)). As this is a federal statute of limitation, equitable tolling doctrines apply. A statute of limitations may be equitably tolled where: "(1) a defendant actively misleads a plaintiff with respect to [his/her] cause of action; (2) plaintiff has been prevented from asserting [his/her] cause of action as a result of other extraordinary circumstances; or (3) plaintiff asserts [his/her] claims in a timely manner but has done so in the wrong forum." Lake v. Arnold, 232 F.3d 360, 369, n.9 (3d Cir. 2000).

Nevertheless, in Public Interest Research Group of New Jersey, Inc. v. Powell Duffryn, 913 F.2d 64, 75 (3d Cir. 1990)("P.I.R.G."), a Clean Water Act case, the court of appeals held that the discovery rule applies to 28 U.S.C. § 2462. The court of appeals reasoned that the statutory framework of the Act required defendants to monitor the effluents and report them to the Environmental Protection Agency via a Discharge Monitoring Report ("DMR"). Thus, the court concluded, plaintiffs would not know about effluents at the time of discharge but would only discover them after defendant filed a DMR. The court of appeals concluded

that to hold that the statute of limitations is triggered by discharge would frustrate the purposes of the Act. Accordingly, the court held that the statute of limitations began to run upon filing of the DMR.

Relying in part on the reasoning in P.I.R.G., the United States District Court for the Eastern District of Pennsylvania held in L.E.A.D. v. Exide Corp., 1999 WL 124473, at *4-5 (E.D. Pa. Feb. 19, 1999) and New Jersey v. Reliant Energy Mid-Atlantic Power Holdings, Inc., 2009 WL 3234438, at *12-14 (E.D. Pa. Sep. 30, 2009) that the discovery rule applies to CAA actions. While this court finds those cases to be well reasoned, we are unpersuaded, as was our sister district court, that the nature of the CAA, namely that it is a statute with a broad goal to protect the environment, or the nature of CAA violations, namely that they are difficult to detect, justifies displacing the well established doctrine of equitable tolling with a discovery rule. See 3M Company v. Browner, 17 F.3d 1453, 1460-63 (D.C. Cir. 1994)(examining history of 28 U.S.C. § 2462 to conclude that application of discovery rule would be, inter alia, inconsistent with judicial interpretations of § 2462).

There is no dispute that the Armstrong Project, which plaintiffs allege violated the CAA, was completed by 1995. This action was filed on June 28, 2005. Accordingly, unless plaintiffs satisfy their burden to prove at trial that the statute of

limitations should be equitably tolled, Counts 1 and 7 are untimely.

B. Plaintiffs' Remaining Objections

Plaintiffs have objected to Judge Mitchell's determination that genuine issues of material fact preclude entry of judgment that Allegheny's 1999 Hatfield's Ferry project was not RMRR. Plaintiffs also object to Judge Mitchell's conclusion that the proper standard for evaluating Allegheny's RMRR defense is the "routine in the industry" standard. Plaintiffs further object to Judge Mitchell's conclusion that there is a genuine issue of material fact as to whether Allegheny should have projected that a 1999 Hatfield's Ferry project would result in a significant net increase in annual emissions.[3] This court has thoroughly reviewed the Report and Recommendation on these matters, and, upon de novo review, we find that plaintiffs' objections are unfounded. We will, therefore, adopt those portions of the Report and Recommendation as the opinion of the court. Specifically, at trial, we will try Allegheny's RMRR defense and will apply the "routine in the industry" standard to Allegheny's RMRR defense.

3 Many of plaintiffs' objections, especially those directed at Allegheny's experts, are better suited for resolution in the form of motions in limine, of which there are currently several pending before the court.

C. Defendants' Remaining Objections

In addition to the objections set forth above, Allegheny also generally objects to the recommendation that its motions for summary judgment be denied. Upon *de novo* review, this court finds Allegheny's objections to be without merit. Accordingly, we adopt those portions of the Report and Recommendation as the opinion of the court, with the exception of the rule governing the statute of limitations set forth *infra*.

IV. CONCLUSION

Upon consideration of the parties' objections and pursuant to 28 U.S.C. § 636, Fed.R.Civ.P. 72 and LCvR 72, this court adopts the Report and Recommendation [Doc. No. 220] as modified as set forth above, as the opinion of the court. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, Department of Environmental Protection, STATE OF CONNECTICUT, STATE OF MARYLAND, STATE OF NEW JERSEY, and STATE OF NEW YORK<br><br>Plaintiffs,<br><br>v.<br><br>ALLEGHENY ENERGY, INC., ALLEGHENY ENERGY SERVICE CORPORATION, ALLEGHENY ENERGY SUPPLY COMPANY, LLC, MONONGAHELA POWER COMPANY, THE POTOMAC EDISON COMPANY, and WEST PENN POWER COMPANY,<br><br>Defendants. | ) | Civil Action No. 05-0885 |

ORDER

AND NOW this 16th day of April, 2010, after plaintiffs' and defendants' filed motions for summary judgment [Doc. Nos. 132, 135 and 141] and after a Report and Recommendation was issued by a United States Magistrate Judge [Doc. No. 220], upon consideration of the parties' written objections thereto [Doc. Nos. 223 and 224], and after independent review of the pleadings, IT IS HEREBY ORDERED THAT the Report and Recommendation is adopted in part as the opinion of the court, as modified by the accompanying memorandum.

IT IS FURTHER ORDERED that plaintiffs motion for summary judgment [Doc. No. 132] and defendants' motions for summary judgment [Doc. Nos. 135 and 141] are DENIED.

BY THE COURT,

[signature], C.J.

cc: All counsel of record